UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:07CV84-J

JAMES GOINS                                                                                                  PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                    DEFENDANT

**MEMORANDUM OPINION**

Before the Court is plaintiff James Goins' Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claim for Supplemental Security Income Benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the case should be remanded for further consideration of the mental health evidence of record.

Plaintiff filed an application for benefits on December 3, 2004 alleging that he became disabled on July 6, 2001, at age 42 from depression, diabetes, bipolar, and ADHD (Tr. 65). His work history includes general labor, cleanup work, dynamite placement, car wash work, tobacco warehouse work, roofing, truck driver, scrap metal hauling, and Army National Guard mechanic (Tr. 83-84, 89). He has an eighth grade education, plus mechanic training through the National Guard (Tr. 87-88). Following a hearing on September 6, 2006 at which plaintiff, a vocational expert, and a medical expert offered testimony, Administrative Law Judge James E. Craig ("ALJ") found that the claimant has severe impairments of major depressive disorder and anxiety-related disorder that prevent him from returning to any of his previous work. The ALJ found that he remains capable of performing work, stating:

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium, light and sedentary work activity. He should avoid noisy distracting work environments, as well as work at unprotected heights or around moving and dangerous machinery. Due to his mental impairment, he is unable to carry out detailed instructions or make complex decisions. He is limited to simple low-level, one-to-three step tasks in a low stress work environment. He is unable to perform quota based or production work, and should avoid all contact with the general public. He should have no more [than] occasional contact with co-workers and supervisors.

Plaintiff appeals from this unfavorable decision.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ erred by: 1) rejecting the opinions of the treating psychiatrist Dr. Marshall Vance, and the treating therapists, Joyce Evitts and Ashley Brook Land; 2) failing to state any sufficient reason for rejecting the opinions of the treating specialists; 3) failing to accept Mr. Goins' testimony as fully credible and giving insufficient reasons for so doing; 4) failing to determine that the combined effects of Mr. Goins' impairments render him totally disabled; 5) speculating improperly as to medical conclusions; and 6) finding the Commissioner met its burden of proof showing a significant number of jobs exist that the claimant could perform in the national economy.  This case was denied at the fifth and final step of the sequential evaluation process.  Both a vocational expert and a medical expert testified at the hearing.

Crucial to the outcome of this case is the ALJ's treatment of the opinion evidence from RiverValley Behavioral Health treating sources Dr. Marshall Vance, Licensed Clinical Social Workers Ashley Brooke Land and Joyce Evitts, and the Commissioner's own consultative psychological evaluation by Dr. Craig Cabezas.

At Tr. 293-295 there is a transcribed interview with Joyce Evitts of RiverValley Behavioral Health and which is signed by both Ms. Evitts and treating psychiatrist Dr. Marshall Vance.  The statement outlines diagnoses of bipolar 1 disorder, severe, with psychotic features, post-traumatic stress disorder, ADHD, Depression, Anxiety and paranoia (Tr. 293).  It notes Mr. Goins' history of three Crisis Stabilization Unit admissions in 2002, 2004, and 2005.  It outlines in detail the reasons that Mr. Goins would have difficulty performing work activities, including his difficulty in dealing with people or any kinds of stressors, angry outbursts, inability to focus and concentrate, extreme personality changes and mood disturbances, illogical thinking, and hostility.  A GAF of 45 is assigned for a "good day," he is found to have a marked impairment in ability to maintain social

functioning, extreme impairment in ability to maintain concentration, and marked or extreme limitation in activities of daily living.

A year after the above-summarized statement, LCSW Ashley Brooke Land provided a letter dated August 11, 2006 at Tr. 292 indicating that she is the claimant's current treating therapist and that she concurs with the August 15, 2005 statement from Joyce Evitts and Dr. Vance. She indicates that he still suffers from the same psychiatric problems and severe depression.

Dr. Craig Cabezas evaluated Mr. Goins on behalf of the Commissioner and provided a report in which he notes that Mr. Goins was a slender and possibly undernourished gentleman who presented for the evaluation in a dirty and malodorous condition, and whose capacity for gainful employment based on his current emotional condition is "guarded." Tr. 155. He also presented with a "clinically significant" mood disturbance, and Dr. Cabezas would have concerns about the claimant's ability to interact appropriately with others due to his moodiness and temperamentalness.

In his Decision, the ALJ notes that he gives "little weight" to the opinions of the licensed clinical social workers Ms. Evitts and Ms. Land, stating:

> The undersigned gives little weight to the opinions of licensed clinical social workers, Ms. Evitts, and Ms. Land, as these opinions are unsupported by objective evidence of record. According to the regulations, a licensed clinical social worker's opinion is *not* a medical opinion. The regulations provide that "(m)edical opinions are statements from physicians and psychologists or other *acceptable medical sources* that reflects [sic] judgments about the nature and severity of your impairments(s) . . ." 20 C.F.R. Section 404.1527(a)(2) and 416.927(a)(2) (emphasis added). Section 404.1513(a) and 416.913(a) lists [sic] five categories of "acceptable medical sources," none of which mentions licensed clinical social worker. Instead, licensed clinical social workers are listed in a different section, under "other sources" whose "[i]nformation . . . may also help us to understand how your impairment affects your ability to work." 20 C.F.R. Section 404.1513(e)(1994) and 416.913(e)(1994). Because the regulations do not classify licensed clinical social workers as either physicians or "other acceptable medical sources" licensed clinical social workers cannot provide *medical* opinions. Under the current regulations, the Administrative Law Judge has the discretion to determine the appropriate weight to

4

> accord the licensed clinical social worker's opinion based on all the evidence before him. Therefore based on the above the Administrative Law Judge gives less weight to this evidence than the other evidence in the file. (Tr. 23)

This analysis of the social workers' opinions ignores the fact that Dr. Vance, the claimant's treating psychiatrist, signed off on the statement given by Joyce Evitts. In cross-examination during the hearing, it is clear that the medical advisor in attendance similarly discounted Dr. Vance's signature on Joyce Evitts' statement:

> Q: Assuming that he read the document prior to signing it, that would certainly indicate that he concurs with those opinions, wouldn't you agree with that?
>
> A: Again all, all, all I know is that he signed the document. (Tr. 254)

The ALJ is correct in that he is not required to treat the opinions of licensed clinical social workers with the deference that is due an "acceptable medical source" pursuant to 20 C.F.R. §416.913(a). However, the fact that Dr. Vance signed Ms. Evitts statement makes that statement a medical opinion from Mr. Goins' treating psychiatrist who would be an "acceptable medical source" and whose opinion may be entitled to controlling weight under the treating physician rule. However, as both the ALJ and the medical advisor chose to overlook his signature adopting the statement, the statement and findings contained therein were not treated as the opinions of an "acceptable medical source." It was error for the ALJ to ignore Dr. Vance's signature on the August 15, 2005 medical statement and to refuse to treat it with the deference due an "acceptable medical source." Dr. Cabezas – the Commissioner's own examining source – provided a report that appears to be somewhat consistent with both the August 15, 2005 statement as well as Mr. Goins' own testimony. These are issues that should be addressed on remand.

Finally, it is noteworthy that the Commissioner in SSR 06-03p recently provided guidance on how to treat opinions from "other sources" such as licensed clinical social workers, noting,

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." SSR 06-03p, page 3.

The realities of managed care will likely result in many more instances of treating physicians signing off on and adopting the opinions of "other sources" who work in their clinics and offices. When such opinions are adopted by the treating physician, they should be elevated to opinions of an "acceptable medical source" and treated as such. There still remains in all cases a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

For the foregoing reasons, this case is remanded for further consideration of the mental health evidence of record, including the August 15, 2005 statement at Tr. 293-295 signed and adopted by treating psychiatrist Dr. Marshall Vance.